# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Innovation Ventures LLC,<br><br>    Plaintiff(s),<br><br>    v.<br><br>Hoodiamax USA et al.,<br><br>    Defendant(s). | CASE NO. CV 09-5426-AHM SHx)<br><br>ORDER SETTING RULE 16(b)<br>SCHEDULING CONFERENCE<br><br>Date:  November 16, 2009<br>Time:  1:30 p.m. |

    This case has been assigned to Judge A. Howard Matz. If plaintiff has not already served the complaint (or any amendment thereto) on <u>all</u> defendants, plaintiff shall <u>promptly</u> do so and shall file proofs of service within three days thereafter. Defendants also shall timely serve and file their responsive pleadings and file proofs of service within three days thereafter.

    This matter is set for a scheduling conference on the above date. The conference will be held pursuant to Fed.R.Civ.P. 16(b). The parties are reminded of their obligations under Fed.R.Civ.P. 26(a)(1) to disclose information (without awaiting a discovery request) and under R. 26(f) to confer on a discovery plan not later than twenty-one (21) days prior to the scheduling conference and to file a

report with the Court entitled "Joint Rule 16(b) Report" not later than fourteen (14) days after they confer. Failure to comply with the following requirements or to cooperate in the preparation of the Joint Rule 16(b) Report may lead to the imposition of sanctions.

**Unless there is a likelihood that upon motion by a party the Court would order that any or all discovery is premature, it is advisable for counsel to begin to conduct discovery actively <u>before</u> the Scheduling Conference. At the very least, the parties shall comply fully with the letter and spirit of Fed.R.Civ.P. 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery, because at the Scheduling Conference the Court will impose tight deadlines to complete discovery.**

**1.    Joint Rule 16(b) Report.**

The Joint Rule 16(b) Report, which shall be filed not later than one week before the scheduling conference, shall be drafted by plaintiff (unless the parties agree otherwise), but shall be submitted and signed jointly. "Jointly" contemplates a single report, regardless of how many separately-represented parties there are. The Joint Rule 16(b) Report shall report on all matters enumerated below, which include those required to be discussed by Rule 26(f) and Local Rule 26:

    a.    **a short synopsis** (not to exceed two pages) of the <u>main</u> claims, counterclaims, and/or affirmative defenses.

    b.    a brief description of the **key legal issues**.

    c.    the realistic range of **provable damages**.

    d.    whether there is **insurance coverage**.

    e.    a statement of the **likelihood of motions** seeking to (I) add other parties or claims or (ii) file amended pleadings or (iii) transfer venue.

    f.    **Discovery and Experts.** Pursuant to Rule 26(f), state what, if any, changes in the disclosures under R. 26(a) should be made; the subjects on which discovery may be needed and whether discovery

2

       should be conducted in phases or otherwise be limited; what issues exist or are likely to arise, and what agreements (if any) have been reached concerning the identification maintenance and production of electronically stored information; what discovery has been conducted thus far; whether applicable limitations should be changed or other limitations imposed; and whether the Court should enter other orders. Please state how many depositions each side will conduct. Also discuss the proposed time of **expert witness disclosures** under F.R.Civ.P. 26(a)(2).

  g.  a description of the issues or claims that any party believes may be determined by motion for **summary judgment or motion *in limine***.

  h.  a statement of what **settlement** discussions and/or written communications have occurred (specifically excluding any statement of the terms discussed) and a statement pursuant to the Local Rule 16-15 selecting a settlement mechanism under that rule.

  i.  a realistic (not padded) **estimate of the time required for trial** and whether trial will be by jury or by court. Each side should specify (by number, not by name) how many witnesses it contemplates calling. If the time estimate for trial given in the Rule 16(b) Joint Report exceeds eight court days, counsel shall be prepared at the Scheduling Conference to explain why a lengthier trial is estimated.

  j.  **<u>Presumptive Schedule of Pretrial Dates</u>.** The parties should fill in the form attached as Exhibit A to this Order and attach it to the Rule 16(b) report. *The pre-printed entries in the "Weeks Before Trial" column merely reflect what the Court believes are appropriate for many, if not most, cases; those entries are not necessarily applicable to this case. (Thus, in most cases there will be 14 weeks between the non-expert discovery cutoff and trial.) You should use the form to*

3

*request the Court to set different last dates by which the key requirements must be completed.* Each side should write in the month, day and year it requests for each event. *E.g.*, for the expert discovery cut-off, it might be "10/7/06" for plaintiff and "10/28/06" for defendant, if they cannot agree. At the conference, the Court will review this form with counsel. Each entry proposing dates shall fall on a Monday, except the trial date which is a Tuesday. In appropriate cases the Court will order different dates after it hears from Counsel. **The proposed non-expert and expert discovery cut-off date means:** The last day by which all depositions must be completed and responses to all previously-served written discovery must be provided. **It does not mean** the last day to initiate discovery or to file a motion with the magistrate judge seeking to compel discovery. **The proposed cut-off date for motions means:** The last date on which motions may be heard, not noticed.

k. a statement of any **other issues affecting the status or management** of the case (*e.g.*, unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, non-English speaking witnesses, discovery in foreign jurisdictions, etc.).

l. **for conflict purposes**, corporate parties must identify all subsidiaries, parents and affiliates.

m. **Patent Cases**: Propose dates and methodology for claim construction and *Markman* hearings.

n. **Do the parties wish to have a Magistrate Judge preside?** Under 28 U.S.C. § 636, the parties may consent to have a Magistrate Judge preside over all the proceedings, not just discovery. They may pick *any* Magistrate Judge (not just the one assigned to this case) from

4

among those Magistrate Judges who accept these designations. (They are identified on the Central District's website, which also contains the consent form.)

The Joint Rule 16(b) Report should set forth the above enumerated information under section headings corresponding to this Order.

**2.    Scheduling Conference.**  The Scheduling Conference will be held in Courtroom 14 of the Federal Courthouse at 312 N. Spring Street. Counsel shall comply with the following:

    a.    <u>Participation</u>.  The lead trial attorney must attend the Scheduling Conference, unless excused for good cause shown in advance of the Scheduling Conference.

    b.    <u>Continuance</u>.  A continuance of the Scheduling Conference will be granted only for good cause.

    c.    <u>Use of Conference Telephone</u>.  If one or more of the lead counsel has his or her office outside of Los Angeles County, the Court is normally willing, at counsel's request, to conduct the status conference by conference telephone call. Please contact the court clerk at (213) 894-5283 to get approval. Opposing counsel who are outside of Los Angeles County may also participate by telephone. The attorney who has received approval to participate by telephone shall call (213) 894-5290 at the time and date specified above for specific instructions, which might include being required to remain available on the telephone until the case is called. After the other participants are assembled, that attorney will be notified that he or she must promptly originate the conference call.

/ / /

/ / /

/ / /

5

3. **Protective Orders.** If you seek a protective order, propose it to opposing counsel before the Scheduling Conference, if at all possible. In a separate order, the Court has enumerated precise requirements for protective orders and the treatment of confidential information. In proposing a protective order for this case, please comply with that order, which is available on the Court's website.

4. **Notice to be Provided by Counsel.** Plaintiff's counsel or, if plaintiff is appearing *pro se,* defendant's counsel, shall provide this Order to any parties who first appear after the date of this Order and to parties who are known to exist but have not yet entered appearances.

5. **Disclosures to Clients.** Counsel are ordered to deliver to their respective clients a copy of this Order and of the Court's Scheduling and Case Management Order, which contains the schedule that the Court imposes at the Scheduling Conference.

6. **Court's Website.** Copies of this and all other orders of this Court that may become applicable to this case are available on the Central District of California website, at "www.cacd.uscourts.gov," under "Judge's Requirements." Copies of the Local Rules are available on the website.[1]

The Court thanks the parties and their counsel for their anticipated cooperation in carrying out these requirements.

Dated: August 31, 2009

A. HOWARD MATZ
United States District Judge

Copies to:
All Counsel of Record

---

[1] They may also be purchased from one of the following:

| Los Angeles Daily Journal | West Publishing Company | Metropolitan News |
| 915 East First Street | 50 West Kellogg Blvd. | 210 South Spring Street |
| Los Angeles, CA 90012 | St. Paul, MN 55164-9979 | Los Angeles, CA 90012 |

**JUDGE A HOWARD MATZ**
**PRESUMPTIVE SCHEDULE OF PRETRIAL DATES**

| Matter | Time | Weeks before trial | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|---|---|
| Trial date (jury) (court) Estimated length: _____ days | 8:00 a.m. | | | | |
| [Court trial:] File Findings of Fact and Conclusions of Law and Summaries of Direct Testimony | | - 1 | | | |
| Final Pretrial Conference; Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed-to Statement of Case | 11:00 a.m. | - 2 | | | |
| Lodge Pretrial Conf. Order File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | | - 4 | | | |
| Last day for hand-serving Motions in Limine | | - 6 | | | |
| Last Day to Meet Before Final Pretrial Conference (L.R. 16-2) | | - 8 | | | |
| Last day for hearing motions | 10:00 a.m. | - 8 | | | |
| Last day for hand-serving motions and filing (other than Motions in Limine) | | - 12 | | | |
| Non-expert Discovery cut-off | | - 14 | | | |

**ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE**

**L.R. 16-15 Settlement Choice:    (1) CT/USMJ    (2) Atty    (3) Outside ADR**

| Matter | Time | Weeks before trial | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|---|---|
| Expert discovery cut-off | | - 6 | | | |
| Rebuttal Expert Witness Disclosure | | - 9 | | | |
| Opening Expert Witness Disclosure [See F.R.Civ.P. 26(a)(2)] | | - 13 | | | |
| Last day to conduct Settlement Conference | | | ▓ | ▓ | |
| Last Day to Amend Pleadings or Add Parties | | | ▓ | ▓ | |

# EXHIBIT A