O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5426 AHM (SHx) | | Date | December 7, 2009 |
|---|---|---|---|---|
| Title | INNOVATION VENTURES LLC v. HOODIAMAX USA, *et al.* | | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

Plaintiff Innovation Ventures, LLC is a Michigan limited liability company with its headquarters in Michigan, which markets "5-Hour Energy" drinks. Compl. ¶ 1. Defendant Hoodiamax USA is a Virginia corporation with its headquarters in Virginia. Compl. ¶ 2. Defendant Thomas McCabe is the Chairman of Hoodiamax. McCabe Decl. I (accompanying motion) ¶ 1. He appears to be a resident of the United Kingdom (both sides agree to this, but it is not explicitly stated in his declaration). He maintains a residence in Virginia, but not in California. Compl. ¶ 2; McCabe Decl. I ¶ 2. Plaintiff asserts that Defendant Hoodimax, at Defendant McCabe's direction, sells products that infringe Plaintiff's "5-hour" trademark in the United States, including in California and this District.

McCabe has moved to dismiss on the ground that the court lacks personal jurisdiction over him. The Court held a hearing on December 7, 2009. For the following reasons, I DENY his motion.[1]

## I.   MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

### A.   General Jurisdiction

Plaintiff does not offer evidence of such pervasive contacts with California on McCabe's part to justify the exercise of jurisdiction over McCabe in all matters, and McCabe offers evidence to the contrary. McCabe Decl. I ¶ 2. General jurisdiction is not

---

[1]Docket No. 29.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5426 AHM (SHx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | INNOVATION VENTURES LLC v. HOODIAMAX USA, *et al.* | | |

warranted.

    **B.**    **Specific Jurisdiction**

        1.    <u>Purposeful</u> <u>Availment</u>

A defendant has purposefully availed himself of a state "where the defendant deliberately had engaged in significant activities within a state . . . or has created continuing obligations between himself and residents of the forum." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985) (quotations omitted).

Plaintiff has asserted no specific facts to show that McCabe has individually purposefully availed himself of California. Instead, Plaintiff asserts that Hoodiamax has purposefully availed itself of California because it has sold the allegedly infringing products here, and since McCabe "induces and/or directs" the allegedly infringing acts, he has purposely availed himself of California, as well.

Though neither party explicitly notes this, the argument becomes one over the fiduciary shield doctrine, which "protects individuals from being subject to jurisdiction solely on the basis of their employers' minimum contacts within a given jurisdiction." *Winery v. Graham*, 2007 WL 963252 at *5 (N.D. Cal. Mar. 29, 2007). However, "[t]he mere fact that [a] defendant[] took actions constituting sufficient contacts with the state on behalf of a corporate employer . . . will not shield the individual from being subjected to jurisdiction." *Allstar Marketing Group v. Your Store Online*, 2009 WL 3156558 at *4 (C.D. Cal. Aug. 10, 2009) (Morrow, J.). An employee, officer, or director may be subject to personal jurisdiction where the individual qualifies as a "primary participant" in the wrongdoing at issue.[2] *Calder v. Jones*, 465 U.S. 783, 790 (1984). An individual qualifies as a primary participant by virtue of his "control of, and direct participation in the alleged activities." *Wolf Designs, Inc. v. DHR Co.*, 322 F. Supp. 2d 1065, 1072 (C.D. Cal. 2004).

Here, Plaintiff asserts that McCabe "induces or directs the acts of Defendant

---

[2]An individual may also be subject to personal jurisdiction where the corporation is the agent or alter ego of the individual defendant, but there are no such allegations here.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5426 AHM (SHx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | INNOVATION VENTURES LLC v. HOODIAMAX USA, *et al.* | | |

Hoodiamax USA complained of herein." Compl. ¶ 2. This alone might be too conclusory, but McCabe admits that he is an officer and one of only two employees of Hoodiamax. McCabe Decl. I ¶¶ 3-4. He admits that his responsibilities for Hoodiamax include sales and marketing. *Id.* ¶ 3. Plaintiff also alleges that McCabe called in-house counsel for Innovation Ventures on April 28, 2009 to alert them that his new product to be sold in the United Kingdom would be called "5-Hour Appetite Suppressant" and to ask them whether "there would be any issues." Compl. ¶ 16. Albeit this alone does not show that McCabe was trying to purposefully avail himself of *California* specifically, it does show that he was aware of the product's infringing potential, that he claimed it was his product, and that he had some (seemingly substantial) degree of control over its sales.

As to underlying purposeful availment by Hoodiamax, Plaintiff offers allegations and evidence that Hoodiamax is selling the offending products in California. Compl. ¶ 3; Cantor Decl. Ex. A (receipt showing a purchase of the allegedly offending product from a store in Santa Monica). In addition, Hoodiamax maintains a website accessible from California, from which California residents can purchase the product in question. *See* Mizrahi Decl. Ex. 2 (though the screen shots in the exhibit show the price in British pounds and display a UK phone number for customers, when the Court visited the site in question, the prices were displayed in US dollars, and a toll-free US phone number was displayed at the top). McCabe even admits that Hoodiamax sells the 5-hour Appetite Suppressant products in California (while trying to minimize this fact by saying that California sales represent less than 5% of United States totals, which have amounted to only $50,000 nationwide). McCabe Decl. II (in support of Reply) ¶ 2; McCabe Decl. I ¶ 8. However, Hoodiamax does routinely sell its allegedly infringing product in California—this is not just a one-off transaction like in the *Boschetto* eBay case cited by McCabe. Motion at 9, Opp'n at 10. In addition, Hoodiamax has registered with the California Secretary of State to do business in California, and has a designated agent (indicated to be the CEO of the company) with an address in Upland, CA. Mizrahi Decl., Ex. 1.

There is sufficient evidence that Hoodiamax has purposefully availed itself of California, and there is enough evidence that McCabe was a primary participant in that availment in order to satisfy prong one of the analysis as to him.

        2.       "<u>Arising Out of Defendants' Forum Related Activities</u>"

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5426 AHM (SHx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | INNOVATION VENTURES LLC v. HOODIAMAX USA, *et al.* | | |

If Innovation Ventures would not have suffered harm "but for" McCabe's forum-related activities, then Vanceco's claims arise out of those activities. *See Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). In the trademark infringement context, courts have found that "sales of allegedly infringing products to customers in this state" are sufficient to establish the "but for" portion of the test because "but for the . . . sales, plaintiff[] would not have been injured." *Allstar Marketing Group*, 2009 WL at *7. It is irrelevant that some, or even most, of the sales occurred outside of California, as long as at least some of the sales occurred within the state. *See id.* (including cases cited therein). The harm of trademark infringement here arises from the forum-related activities of the sales in California.

    3.    <u>Reasonableness</u>

In determining reasonableness, courts consider seven factors: (1) the extent of the defendant's purposeful interjection in the forum state; (2) the burden on the defendant of defending the lawsuit in the forum state; (3) the extent of any conflict with the sovereignty of the defendant's home state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *See Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003).

McCabe has made no showing of any particular burden against him from having to defend himself here, particularly given that absent dismissal on other grounds the Court has jurisdiction over the claims against Hoodiamax, and he will have to be involved in this lawsuit anyway. Weighing the factors, it is reasonable to subject McCabe to the jurisdiction of this Court.

The chart below summarizes the facts that each side cites in support of its argument.

| FACTOR | Facts Favoring Innovation Ventures | Facts Favoring McCabe |
|---|---|---|
| | | |

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5426 AHM (SHx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | INNOVATION VENTURES LLC v. HOODIAMAX USA, *et al.* | | |

| | | |
|---|---|---|
| **Extent of McCabe's purposeful interjection** | Hoodiamax has sold the offending product in California, and McCabe oversees sales and marketing for the company—see discussion in prong 1. | There is no evidence that McCabe has personally conducted business in California.<br><br>The sales in California amount to only 5% of Hoodiamax's US totals, and should be considered *de minimis*, according to McCabe. |
| **Burden on McCabe of defending in Forum** | McCabe's involvement in the litigation is a foregone conclusion, as he is the Chairman and one of two employees. Being named individually does not add any significant burden. | McCabe is a resident of England, with no residence or particular ties to California, and the travel time would be burdensome. Reply at 9. |
| **Extent of conflict with sovereignty with other states/nations** | | McCabe is a resident of the United Kingdom.<br><br>Hoodiamax is incorporated in Virginia. |
| **California's interest in adjudicating dispute** | CA has some interest in ensuring its citizens are not victims of misleading advertising. | The sales in California amount to less than $2,500. McCabe Decl. I ¶8; Decl. II ¶ 3. |

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5426 AHM (SHx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | INNOVATION VENTURES LLC v. HOODIAMAX USA, *et al.* | | |

| | | |
|---|---|---|
| **Most efficient judicial resolution** | Because Defendants have not challenged jurisdiction as to claims against Hoodiamax, this case will be proceeding here no matter what, so the most efficient resolution would be to keep the claims against McCabe here, as well. | Hoodiamax is incorporated in Virginia, so most of the witnesses are there, and it is closer to England, so it would be easier to travel there. [However, this argument is weak in the face of the fact that Defendants have not moved to transfer the claims against Hoodiamax, as well.] |
| **Importance of Forum to Innovation Ventures** | Plaintiff has not explained this. | Innovation Ventures isn't even a California company (it is based in Michigan)—indeed, neither company is. Plaintiff's lead counsel is even located in Michigan, and Plaintiff has had to retain local counsel here. |
| **Existence of alternative forum** | | England or Virginia could serve as alternative forums. |

## II.     CONCLUSION

For the foregoing reasons, the Court DENIES McCabe's motion to dismiss for lack of personal jurisdiction.

This Order is not intended for publication, including on WESTLAW or LEXIS.

|  :  |
|---|
| Initials of Preparer       SMO |