1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

11 | INNOVATION VENTURES LLC. a Michigan limited liability company,

12

13                 Plaintiff

14         vs.

15 | HOODIAMAX   USA,   a   Virginia corporation, and THOMAS McCABE, an individual,

16

17                 Defendants.
_____

18 | HOODIAMAX   USA,   a   Virginia corporation,

19

20                 Counterclaimant,
         vs.

21

22 | INNOVATION VENTURES LLC. a Michigan limited liability company,

23                 Counter-defendant

24
25
26
27
28

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case   No.   CV   09-5426   AHM (SHx)

**FINAL JUDGMENT AND PERMANENT INJUNCTION WITH RESPECT TO DEFENDANT HOODIAMAX USA**

*Fact Discovery Cutoff: 07/12/10*
*Pretrial Conference: 10/18/10*
*Trial: 11/02/10*

By Order dated May 18, 2010, the Court granted Plaintiff Innovation Ventures, L.L.C.'s Motion for Entry of Default, Default Judgment, Permanent Injunction, and Dismissal of Defendant's Counterclaims With Prejudice with respect to defendant HOODIAMAX USA.

Accordingly, the Court makes the following FINDINGS:

## **FINDINGS OF FACT**

The Court makes the findings of fact vis-à-vis Defendant Hoodiamax USA:

1.     Plaintiff Innovation Ventures, LLC ("Innovation Ventures" or "Plaintiff") is a Michigan limited liability company, having its principal offices at 38955 Hills Tech Drive, Farmington Hills, Michigan 48331.

2.     Defendant Hoodiamax USA ("Hoodiamax") is a Virginia corporation with a principal place of business at 22960 Shaw Road, Sterling, Virginia 20166, and an address in California at 1258 Woodbury Court, #D, Upland, California 91786.

3.     Hoodiamax distributes, offers for sale and sells dietary supplements in 2-ounce shot form in the United States, in the State of California, and in this District. Hoodiamax also operates the website www.hoodiamax.com where dietary supplements in two ounce shot form can be purchased in the United States and in this District.

4.     Innovation Ventures is a national marketer and distributor of nutritional and dietary supplements.

5.     Innovation Ventures is the owner of the 5-HOUR ENERGY trademark. The 5-HOUR ENERGY mark has been used by Innovation Ventures in the United States since at least 2004 as a trademark for use with the 5-HOUR ENERGY product.

6.     Innovation Ventures has used the 5-HOUR ENERGY trademark continuously since at least 2004 to the present.  The 5-HOUR ENERGY product is sold at over 100,000 retail locations nationwide and is widely available on the Internet.  Sales of the 5-HOUR ENERGY product since 2004 have amounted to well

over $400 million dollars.  Further, Innovation Ventures has spent over $100 million in advertising and promoting the 5-HOUR ENERGY product.  As such, the 5-HOUR ENERGY is widely recognized by the general consuming public as a designation associated with goods/services originating from Plaintiff.

7.     The 5-HOUR ENERGY Trademark symbolizes the business goodwill of Innovation Ventures, and is an intangible asset of substantial commercial value.

8.     As a result of its continuous use and extensive sales, advertising and promotion of the 5-HOUR ENERGY trademark by Innovation Ventures, its authorized dealers, licensees, and distributors, the 5-HOUR ENERGY Trademark enjoys worldwide recognition, is recognized by the public as emanating from Innovation Ventures, and is famous.

9.     The 5-HOUR ENERGY trademark as used on some of Innovation Ventures' products is illustrated below.




10.     Subsequent to Innovation Ventures' use of the 5-HOUR ENERGY Trademark, and with actual knowledge of Innovation Ventures' use of the 5-HOUR ENERGY Trademark, and with the express intent to misrepresent the source of

3

Hoodiamax's goods, Hoodiamax adopted a confusingly similar trademark and color scheme on their packaging in connection with the advertising, offering for sale and sale of supplements in the United States, in the State of California, and this District.  A photograph of Defendants' packaging for their "Day" and "Night" products are illustrated below:



11.    Hoodiamax's packaging prominently features the trademark 5 HOUR Appetite Suppressant with a "TM" symbol.  The "Day" product includes the phrase 5 HOUR Appetite Suppressant *Plus Energy*.   Hoodiamax's use of these trademarks and phrases is without consent, license, approval or other authorization from Innovation Ventures.

12.    In addition to the use of 5 HOUR Appetite Suppressant in connection with the "TM" symbol, defendant Hoodiamax USA has filed a U.S. Trademark Application (No. 77/689,729) for the mark 5 HOUR APPETITE SUPPRESSANT for "dietary drink mix for use as a meal replacement" based on use in commerce in the United States.  That application was registered on the Supplemental Register on July 14, 2009 (Reg. No. 3,656,183).  Defendant Hoodiamax USA has filed two further

applications featuring 5 HOUR APPETITE SUPPRESSANT, namely U.S. Application No. 77/768,605 for the mark NIGHTSLIM 5 HOUR APPETITE SUPPRESSANT and U.S. Application No. 77/768,592 for the mark DAYSLIM 5 HOUR APPETITE SUPPRESSANT.  Those applications were filed on June 25, 2009 and remain pending.

13.     Hoodiamax acted in bad faith in adopting the mark 5 HOUR Appetite Suppressant in connection with its dietary supplements.  On or about April 28, 2009, defendant Tom McCabe, Hoodiamax's sole shareholder, officer, and employee, contacted in-house counsel for Innovation Ventures in Michigan.  Mr. McCabe stated that he was calling to alert Innovation Ventures to his new product to be sold in the United Kingdom called 5 HOUR Appetite Suppressant and to ask whether "there would be any issues."  He left a telephone number with a "703" area code (Virginia).  Defendant McCabe admitted that his product name was "reaching off" of what Innovation Ventures had done.  Innovation Ventures advised Mr. McCabe that it indeed had an issue with Hoodiamax's plans and attempted to discuss a change in the name selected by the Hoodiamax — a change that was rejected by Hoodiamax.  Subsequently, a formal cease and desist letter and undertaking was sent to Hoodiamax.

14.     Hoodiamax's packaging for its "day" product shares a top coloring scheme with Innovation Ventures' caffeinated product, and Hoodiamax's "night" packaging shares a top color scheme with Innovation Ventures' decaffeinated product.

15.     Hoodiamax's products are packaged in 2-ounce bottles that are identically shaped and wrapped like Innovation Ventures' 5-HOUR ENERGY products.

16.     Hoodiamax USA, a Virginia corporation has failed to have replacement counsel make an appearance on its behalf in this case.

17.     By Order dated, February 25, 2010, the Court granted Defendants' counsel's request to withdraw as counsel for Defendants and stated the following requirement:  "HoodiaMax shall have thirty (30) days to retain new counsel and to have counsel enter an appearance in this action."  (See Court Dkt. Entry No. 47.)

1    18.    Hoodiamax has failed to respond to the following discovery items served

2  by Innovation Ventures on Hoodiamax on December 2, 2009:

3        a.  Plaintiff's First Set of Requests for Admissions to Defendant Hoodiamax

4            USA;

5        b.  Plaintiff's First Set of Requests for Production of Documents to

6            Defendant Hoodiamax USA; and

7        c.  Plaintiff's First Set of Interrogatories  to Defendant Hoodiamax USA.

8

9                        **CONCLUSIONS OF LAW**

10   Accordingly, the Court makes the following conclusions of law:

11   1.    This Court has subject matter jurisdiction over the claims herein pursuant

12 to 15 U.S.C. § 1121, 28 U.S.C. §1331, and 28 U.S.C. § 1338(a) and (b), *et seq.* in that

13 this case arises under the trademark laws of the United States, and the Court's

14 supplemental jurisdiction extends to the state law claims under 28 U.S.C. § 1367.

15   2.    This Court has personal jurisdiction over Hoodiamax because Hoodiamax

16 has been and is conducting business in the State of California.

17   3.    Innovation Ventures' use of the 5-HOUR ENERGY Trademark is

18 inherently distinctive and/or has acquired distinctiveness in the marketplace as a

19 trademark.

20   4.    Innovation Ventures' use of the 5-HOUR ENERGY Trademark has

21 become famous in this state, within the meaning of Cal. Bus. & Prof. Code § 14247.

22   5.    Hoodiamax's use of the mark "5 HOUR Appetite Suppressant" on dietary

23 supplements is likely to cause confusion, or to cause mistake, or to deceive as to the

24 affiliation, connection, or association of Hoodiamax and/or its goods with Innovation

25 Ventures LLC, or as to the origin, sponsorship, or approval of its goods, services,

26 and/or commercial activities, in violation of 15 U.S.C. § 1125(a).

27   6.    Therefore, Hoodiamax USA has violated 15 U.S.C. § 1125(a), has

28 committed common law trademark infringement, has committed unfair competition

under Cal. Bus. & Prof. Code § 17200, has committed trademark dilution under Cal. Bus. & Prof. Code § 14247, Plaintiff has been damaged by such violations, and Hoodiamax is liable to Plaintiff for such violations.

7.   Hoodiamax's violation of Innovation Ventures' rights, as set forth in paragraphs 5 and 6 immediately above, was willful.

8.   In view of the Court's finding set forth in paragraph 7 immediately above, and Hoodiamax's failure to comply with this Court's February 25, 2010 Order (Court Dkt. Entry No. 47), make this an "exceptional" case, in the sense of 15 U.S.C. § 1117(a).

9.   Hoodiamax has violated this Court's February 25, 2010 Order (Court Dkt. Entry No. 47), warranting the entry of default and default judgment against it and in favor the plaintiff, Innovation Ventures, LLC.

10.   Pursuant to Fed. R. Civ. P. 36, the requests set forth in Plaintiff's First Set of Requests for Admissions to Defendant Hoodiamax USA are hereby deemed as admitted by Hoodiamax USA.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:**

1.   The Court enters Judgment against Hoodiamax and in favor of Innovation Ventures on all Counts set forth in Innovation Ventures' Complaint in this action (Court Dkt. No. 1).

2.   The Commissioner of Trademarks at the United States Patent and Trademark Office shall promptly cancel U.S. Registration No. 3,656,183 for the mark 5 HOUR APPETITE SUPPRESSANT.

3.   Hoodiamax USA shall within ten (10) days of entry of this Order expressly abandon U.S. Application No. 77/768,605 and U.S. Application No. 77/768,592, pending before the United States Patent and Trademark Office.

4.       Hoodiamax shall not use or issue, grant, register, license, or otherwise authorize others to use plaintiff's 5-HOUR ENERGY mark, or confusingly similar marks (including, without limitation, the mark "5 HOUR Appetite Suppressant" or any other designation that includes the term "5 Hour", in connection with selling, advertising, or promoting of any products.

5.       Hoodiamax USA, its employees, officers, directors, agents, successors and assigns, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunctions, are hereby permanently enjoined from:

(1)       imitating, copying, or making any unauthorized use of the 5-HOUR ENERGY trademark (including, without limitation, using the mark "5 HOUR Appetite Suppressant" or any other designation that includes the term "5 Hour") on or in connection with any dietary supplements;

(2)       importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any services or product using any simulation, reproduction, counterfeit, copy, or colorable imitation of either the 5-HOUR ENERGY trademark (including, without limitation, using the mark "5 HOUR Appetite Suppressant" or any other designation that that includes the term "5 Hour") on or in connection with any dietary supplements;

(3)       using any simulation, reproduction, counterfeit, copy or colorable imitation of the 5-HOUR ENERGY trademark in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, circulation or distribution of any product or service (including, without limitation, using the mark "5 HOUR Appetite Suppressant" or any other designation that includes the term "5 Hour")" on or in connection with any dietary supplements; and

(4)    using any false designation of origin or false description including, without limitation, any letters, symbols, or designs constituting the 5-HOUR ENERGY trademark (including, without limitation, using the mark "5 HOUR Appetite Suppressant" or any other designation that includes the term "5 Hour") on or in connection with any dietary supplements or performing any act which can, or is likely to, lead members of the trade or public to believe that any service or product manufactured, distributed or sold by Defendants is in any manner associated or connected with Innovation Ventures, or the 5-HOUR ENERGY trademark, or is sold, manufactured, licensed, sponsored, approved or authorized by Innovation Ventures.

6.    Hoodiamax USA shall, within fourteen (14) days of entry of this Order, deliver to Plaintiff for destruction all products, labels, tags, signs, prints, packages, videos, and advertisements in its possession or under its control, bearing or using the 5-HOUR ENERGY trademark or any simulation, reproduction, counterfeit, copy or colorable imitation thereof (including, without limitation, using the mark "5 HOUR Appetite Suppressant" or any other designation including the term "5 Hour"), and all plates, molds, matrices and other means of making the same, pursuant to 15 U.S.C. § 1118.

7.    Hoodiamax USA, its agents, employees, officers, servants, attorneys, successors, and assigns, and all others in privity or acting in concert therewith, shall file with this Court, and serve upon Innovation Ventures' counsel, within thirty (30) days after entry of such judgment, a written report under oath, setting forth in detail the manner and form in which it/they have complied with paragraphs 4 and 6, immediately above.

8.    The Court enters Judgment against Hoodiamax and in favor of Innovation Ventures in the amount of $140,600.00 as follows:

9

A. Hoodimax, its successors and assigns, shall, within 30 days of this Order, pay Innovation Ventures in the amount of $135,000.00, which represents compensatory damages in the amount of $45,000.00 trebled, in accordance with 15 U.S.C. § 1117, to $135,000.00.

B. Hoodimax, its successors and assigns, shall, within 30 days of this Order, pay Innovation Ventures the attorneys' fees it incurred in this action in the amount of $5,600.00, as provided for in 15 U.S.C. § 1117, Cal. Bus. & Prof. Code § 17200, Cal. Bus. & Prof. Code § 14250, and L.R. 55-3, entitled "Default Judgment - Schedule of Attorneys' Fees."

9.     This court shall retain jurisdiction of this case for the purpose of enabling Plaintiff to enforce compliance and to punish violations of the provisions of this Final Judgment and Permanent Injunction.  If it shall be made to appear to the court that there has been a violation of any of the terms of this Final Judgment and Permanent Injunction, upon motion, this court may enter an order to show cause why Defendant Hoodimax USA, its employees, officers, directors, agents, successors and assigns, and those in active concert an participation with them, as the case may be, should not be found in contempt.  Nothing in this document shall bar Plaintiff from seeking, or the court from imposing, against Hoodimax USA or any other person any relief available under any other applicable provision of law for violation of this document, including the reimbursement of Plaintiff's attorneys fees and costs incurred in connection with such a motion.

**IT IS SO ORDERED.**

Dated: June 07, 2010

_____

The Honorable Howard A. Matz,
United States District Judge

10

Presented on June 4, 2010 by:


_____/s/ Mark B. Mizrahi_____
Mark Mizrahi (CA State Bar No. 179384)
mmizrah@brookskushman.com
Brooks Kushman P.C.
6701 Center Drive West
Suite 610
Los Angeles, CA 90045
Phone: (310) 348-8200
Facsimile: (310) 846-4799

Mark Cantor (Admitted *Pro Hac Vice*)
mcantor@brookskushman.com
Marc Lorelli (Admitted *Pro Hac Vice*)
mlorelli@brookskushman.com
Tom Cunningham (Admitted *Pro Hac Vice*)
tcunningham@brookskushman.com
Brooks Kushman P.C.
1000 Town Center, Twenty-Second Floor
Southfield, MI 48075
Telephone: (248) 358-4400
Facsimile: (248) 358-3351

Attorneys for Plaintiff,
Innovation Ventures LLC