JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INNOVATION VENTURES LLC. a Michigan limited liability company,<br><br>       Plaintiff<br><br>   vs.<br><br>HOODIAMAX USA, a Virginia corporation, and THOMAS McCABE, an individual,<br><br>       Defendants.<br>_____<br>HOODIAMAX USA, a Virginia corporation,<br><br>       Counterclaimant,<br>   vs.<br><br>INNOVATION VENTURES LLC. a Michigan limited liability company,<br><br>       Counter-defendant | Case No. CV 09-5426 AHM (SHx)<br><br>**FINAL JUDGMENT AND PERMANENT INJUNCTION WITH RESPECT TO DEFENDANT THOMAS MCCABE**<br><br>*Fact Discovery Cutoff: 07/12/10*<br>*Pretrial Conference: 10/18/10*<br>*Trial: 11/02/10* |

WHEREAS, by Order dated July 22, 2010, the Court entered an Order Granting Plaintiff's Motion for Terminating Sanctions against Thomas McCabe for His Violation of this Court's May 25, 2010 Order (Court Docket Entry No. 71) ("Order Granting Default Judgment"), whereby the Court struck Mr. McCabe's answer and entered default judgment against him in this litigation;

THEREFORE, the Court AJUDGES and DECREES as follows:

**FINDINGS OF FACT**

The Court makes the following findings of fact vis-à-vis Defendant Thomas McCabe:

1. Innovation Ventures is a Michigan limited liability company, having its principal offices at 38955 Hills Tech Drive, Farmington Hills, Michigan 48331.

2. Defendant Thomas McCabe ("Mr. McCabe") is an individual with a residence address located at 71 Queens Road, Richmond, Surrey, TW10 6HJ, United Kingdom.

3. Defendant Mr. McCabe is the sole officer, director, employee, and owner of defendant Hoodiamax USA, a Virginia Corporation ("Hoodiamax"), against whom the Court has already entered a Final Judgment and Injunction (*see* Court Docket Entry No. 60).

4. Hoodiamax distributes, offers for sale and sells dietary supplements in 2-ounce shot form in the United States, in the State of California, and in this District. Hoodiamax also operates the website www.hoodiamax.com where dietary supplements in two ounce shot form can be purchased in the United States and in this District.

5. Mr. McCabe is in control of defendant Hoodiamax and also induces and/or directs the acts of Hoodiamax for which the Court as already entered Final Judgment against Hoodiamax in this action.

6. Innovation Ventures is a national marketer and distributor of nutritional and dietary supplements.

7. Innovation Ventures is the owner of the 5-HOUR ENERGY trademark. The 5-HOUR ENERGY mark has been used by Innovation Ventures in the United States since at least 2004 as a trademark for use with the 5-HOUR ENERGY product.

8. Innovation Ventures has used the 5-HOUR ENERGY trademark continuously since at least 2004 to the present. The 5-HOUR ENERGY product is sold at over 100,000 retail locations nationwide and is widely available on the Internet. Sales of the 5-HOUR ENERGY product since 2004 have amounted to well over $400 million dollars. Further, Innovation Ventures has spent over $100 million in advertising and promoting the 5-HOUR ENERGY product. As such, the 5-HOUR ENERGY is widely recognized by the general consuming public as a designation associated with goods/services originating from Plaintiff.

9. The 5-HOUR ENERGY trademark symbolizes the business goodwill of Innovation Ventures, and is an intangible asset of substantial commercial value.

10. As a result of its continuous use and extensive sales, advertising and promotion of the 5-HOUR ENERGY trademark by Innovation Ventures, its authorized dealers, licensees, and distributors, the 5-HOUR ENERGY trademark enjoys worldwide recognition, is recognized by the public as emanating from Innovation Ventures, and is famous.

11. The 5-HOUR ENERGY trademark as used on some of Innovation Ventures' products is illustrated below.

///
///
///




12. Subsequent to Innovation Ventures' use of the 5-HOUR ENERGY Trademark, and with actual knowledge of Innovation Ventures' use of the 5-HOUR ENERGY trademark, and with the express intent to misrepresent the source of Hoodiamax's goods, Hoodiamax adopted a confusingly similar trademark and color scheme on their packaging in connection with the advertising, offering for sale and sale of supplements in the United States, in the State of California, and this District. A photograph of Defendants' packaging for their "Day" and "Night" products are illustrated below:




4

13. Hoodiamax's packaging prominently features the trademark 5 HOUR Appetite Suppressant with a "TM" symbol. The "Day" product includes the phrase 5 HOUR Appetite Suppressant *Plus Energy*. Hoodiamax's use of these trademarks and phrases is without consent, license, approval or other authorization from Innovation Ventures.

14. In addition to the use of 5 HOUR Appetite Suppressant in connection with the "TM" symbol, defendant Hoodiamax USA has filed a U.S. Trademark Application (No. 77/689,729) for the mark 5 HOUR APPETITE SUPPRESSANT for "dietary drink mix for use as a meal replacement" based on use in commerce in the United States. That application was registered on the Supplemental Register on July 14, 2009 (Reg. No. 3,656,183). Defendant Hoodiamax USA filed two further applications featuring 5 HOUR APPETITE SUPPRESSANT, namely U.S. Application No. 77/768,605 for the mark NIGHTSLIM 5 HOUR APPETITE SUPPRESSANT and U.S. Application No. 77/768,592 for the mark DAYSLIM 5 HOUR APPETITE SUPPRESSANT. Those applications were filed on June 25, 2009 and remain pending.[1]

15. Mr. McCabe acted in bad faith in adopting the mark 5 HOUR Appetite Suppressant in connection with its dietary supplements. On or about April 28, 2009, Mr. McCabe, Hoodiamax's sole shareholder, officer, owner, and employee, contacted in-house counsel for Innovation Ventures in Michigan. Mr. McCabe stated that he was calling to alert Innovation Ventures to his new product to be sold in the United Kingdom called 5 HOUR Appetite Suppressant and to ask whether "there would be any issues." He left a telephone number with a "703" area code (Virginia). Defendant McCabe admitted that his product name was "reaching off" of what Innovation

---

[1] The Court is informed that these applications have been conveniently assigned to Agape Ventures Ltd. after the initiation of this litigation. As set forth in this Court's Order Granting Default Judgment, it is clear that Mr. McCabe also controls Agape Ventures Ltd. and, thus, also controls these applications.

Ventures had done. Innovation Ventures advised Mr. McCabe that it indeed had an issue with his plans and attempted to discuss a change in the name — a change that was rejected by Mr. McCabe. Subsequently, a formal cease and desist letter and undertaking was sent to Hoodiamax.

16. As Mr. McCabe expressly admits in his initial responses to Plaintiff's First Set of Requests for Admissions to Thomas McCabe, he controls and manages the day-to-day decisions of Hoodiamax, including, without limitation, all aspects of its advertising and marketing efforts, all aspects of distribution of its dietary supplements, its sales activities, and the decision to adopt the mark 5 HOUR Appetite Suppressant for use on its dietary supplements. (*See* **Exhibit 2** to the Declaration Of Mark B. Mizrahi in Support of Plaintiff's Motion to Compel Thomas McCabe to Provide Responses to Plaintiff's Document Requests, to Produce Documents, and to Provide Further Responses to Interrogatories, Etc., Pursuant to L.R. 37-2.4, Court Docket Entry No. 53.)

17. Hoodiamax's packaging for its "day" product shares a top coloring scheme with Innovation Ventures' caffeinated product, and Hoodiamax's "night" packaging shares a top color scheme with Innovation Ventures' decaffeinated product.[2]

18. Hoodiamax's products are packaged in 2-ounce bottles that are identically shaped and wrapped like Innovation Ventures' 5-HOUR ENERGY products.

19. Mr. McCabe has failed to comply with his discovery obligations and has violated this Court's May 25, 2010 granting Innovation Ventures' motion to compel discovery (Court Docket Entry No. 53).

---

[2] The Court is informed that Hoodiamax has since advertised its "Night" product with a green color scheme. Regardless, that product is also covered by the terms of this Final Judgment.

20. Mr. McCabe has also failed to respond to Innovation Ventures' Second set of Interrogatories, Second Set of Requests for Production of Documents to Thomas McCabe, Second Set of Requests for Admission to Thomas McCabe, served on April 26, 2010, and has violated other orders and rules of this Court, as set forth in this Court's Order Granting Default Judgment.

21. Being that Mr. McCabe has refused to submit to discovery in this case, in spite of the Court's May 25, 2010 discovery order, Innovation Ventures has been deprived of the opportunity to delve into Mr. McCabe's and Hoodimax's actual sales and costs to arrive at the profits realized for the sales of the 5 HOUR Appetite Suppressant dietary supplements. Mr. McCabe should not be permitted to benefit from his refusal to participate in this action.

22. In connection with his Motion to Dismiss Action as to Thomas McCabe, Mr. McCabe attested to the fact that, as of November 9, 2009, Hoodiamax's sales of the infringing products totaled less than $50,000. (*See* Court Docket Entry No. 29-2.)

## CONCLUSIONS OF LAW

Accordingly, the Court makes the following conclusions of law:

1. This Court has subject matter jurisdiction over the claims herein pursuant to 15 U.S.C. § 1121, 28 U.S.C. §1331, and 28 U.S.C. § 1338(a) and (b), *et seq.* in that this case arises under the trademark laws of the United States, and the Court's supplemental jurisdiction extends to the state law claims under 28 U.S.C. § 1367.

2. This Court has personal jurisdiction over Mr. McCabe because, as set above and in Court Docket Entry No. 42, Mr. McCabe has been and is conducting business in the State of California.

3. Innovation Ventures' use of the 5-HOUR ENERGY trademark is inherently distinctive and/or has acquired distinctiveness in the marketplace as a trademark.

4. Innovation Ventures' use of the 5-HOUR ENERGY Trademark has become famous in this state, within the meaning of Cal. Bus. & Prof. Code § 14247.

5. Mr. McCabe adoption and use of the mark "5 HOUR Appetite Suppressant" (or the designation "5 hour" for that matter) on dietary supplements is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Hoodiamax and/or Mr. McCabe and/or its/his goods with Innovation Ventures LLC, or as to the origin, sponsorship, or approval of its/his goods, services, and/or commercial activities, in violation of 15 U.S.C. § 1125(a).

6. Therefore, Mr. McCabe, like defendant Hoodiamax USA, has violated 15 U.S.C. § 1125(a), has committed common law trademark infringement, has committed unfair competition under Cal. Bus. & Prof. Code § 17200, has committed trademark dilution under Cal. Bus. & Prof. Code § 14247, has damaged Plaintiff by such violations, and Mr. McCabe is liable to Plaintiff for such violations.

7. Mr. McCabe's violation of Innovation Ventures' rights, as set forth in paragraphs 5 and 6 immediately above, was/is willful.

8. In view of the Court's finding set forth in paragraph 7 immediately above, and Mr. McCabe's failure to comply with this Court's May 25, 2010 Order (Court Dkt. Entry No. 58), and the other grounds set forth in the Order Granting Default Judgment, make this an "exceptional" case, in the sense of 15 U.S.C. § 1117(a).

9. For the reasons set forth in the Order Granting Default Judgment, entry of default and default judgment against Mr. McCabe and in favor the plaintiff, Innovation Ventures, LLC, is warranted.

10. Pursuant to Fed. R. Civ. P. 36, the requests set forth in Second Set of Requests for Admission to Thomas McCabe, served on April 26, 2010, are hereby deemed as admitted by Mr. McCabe.

11. Under 15 U.S.C. § 1117, a plaintiff may, subject to the principles of equity, recover

**(1)** defendant's profits,

**(2)** any damages sustained by the plaintiff, and

**(3)** the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty. The court in exceptional cases may award reasonable attorney fees to the prevailing party.

12. As set forth above, under 15 U.S.C. § 1117, Innovation Ventures is entitled to recover Hoodiamax's profits as a measure of its damages resulting from Mr. McCabe's violation of 15 U.S.C. § 1125(a). This Section further provides that "In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed."

13. Mr. McCabe, Hoodiamax's sole shareholder, officer, director, and employee—and the person otherwise in-control of all of the infringing activities of Hoodiamax – attested to the fact that, as of November 9, 2009, Hoodiamax's sales of the infringing products totaled "less than" $50,000. (*See* Court Docket Entry No. 29-2.) Since Hoodiamax has refused to submit to discovery in this case, the Court utilizes the evidence of record regarding Hoodiamax's gross sales in this action to determine the damages for which Hoodiamax and Mr. McCabe are jointly and severally liable,

namely, $45,000 – a figure less than $50,000, as Mr. McCabe has failed to prove the elements of cost that should be deducted therefrom. ("In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed.").

14. Because, as alleged in the Complaint, and determined by this Court, Mr. McCabe's infringement was willful, the Court hereby trebles this amount[3] and grant Innovation Ventures an award in the amount of $135,000.00.

15. In addition, under 15 U.S.C. § 1117, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." Here, Mr. McCabe's intent to trade off of Innovation Ventures' good will established in its 5-HOUR ENERGY mark is readily apparent from the fact that Mr. McCabe made every attempt to make its product conjure up Innovation Ventures and its 5-HOUR ENERGY products – by enlarging the designation "5 HOUR" on its product, by using identically shaped and sized bottles, and by using highly similar labels, in both color and style. (*See, e.g.,* Complaint, Court Dkt. Entry No. 1, at ¶13.) Moreover, Mr. McCabe's violation of this Court's May 25, 2010 Order, his utter failure to abide by this Court's rules or the Federal Rules of Civil Procedure, and his refusals to respond to Innovation Ventures' in-depth and substantive discovery requests further support the conclusion that this is an exceptional case warranting the award of attorney's fees in favor of Innovation Ventures. Accordingly, the Court awards Innovation Ventures its attorney's fees in the amount of $5,600, in accordance with the Schedule of Attorneys' Fees set forth in Local Rule 55-3.

---

[3] *See* 15 U.S.C. § 1117: "In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount."

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:**

1. The Court enters Judgment against Thomas McCabe and in favor of Innovation Ventures on all Counts set forth in Innovation Ventures' Complaint in this action (Court Docket Entry No. 1).

2. The Commissioner of Trademarks at the United States Patent and Trademark Office shall promptly cancel U.S. Registration No. 3,656,183 for the mark 5 HOUR APPETITE SUPPRESSANT.

3. Mr. McCabe shall, within ten (10) days of entry of this Order, expressly abandon U.S. Application No. 77/768,605 and U.S. Application No. 77/768,592, assigned to Agape Venture LTD, pending before the United States Patent and Trademark Office.

4. Mr. McCabe shall not use or issue, grant, register, license, or otherwise authorize others to use Plaintiff's 5-HOUR ENERGY mark, or confusingly similar marks (including, without limitation, the mark "5 HOUR Appetite Suppressant" or the designation "5 Hour"), in connection with selling, advertising, or promoting of any products.

5. Thomas McCabe, his employees, agents, servants, successors and assigns and any entity he has an ownership interest in (unless it is a publicly traded company in which it/he owns or controls less than 10% of issued and outstanding voting stock, including any stock that could be converted into voting stock), controls directly or indirectly or for which he is an officer, director, or provides advice or direction, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunctions, are hereby permanently enjoined from:

> (1) imitating, copying, or making any unauthorized use of the 5-HOUR ENERGY trademark, or any confusingly similar mark or designation (including, without limitation, using the mark "5 HOUR Appetite Suppressant"

or any other designation that includes the term "5 Hour" alone or in conjunction with other elements) on or in connection with any dietary supplements;

(2) importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any services or product using any simulation, reproduction, counterfeit, copy, or colorable imitation of the 5-HOUR ENERGY trademark, or any confusingly similar mark or designation (including, without limitation, using the mark "5 HOUR Appetite Suppressant" or any other designation that includes the term "5 Hour" alone or in conjunction with other elements) on or in connection with any dietary supplements;

(3) using any simulation, reproduction, counterfeit, copy or colorable imitation of the 5-HOUR ENERGY trademark (including, without limitation, using the mark "5 HOUR Appetite Suppressant" or any other designation that includes the term "5 Hour" alone or in conjunction with other elements) in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, circulation or distribution of any product or service on or in connection with any dietary supplements; and

(4) using any false designation of origin or false description including, without limitation, any letters, symbols, or designs constituting the 5-HOUR ENERGY trademark (including, without limitation, using the mark "5 HOUR Appetite Suppressant" or any other designation that includes the term "5 Hour" alone or in conjunction with other elements) on or in connection with any dietary supplements or performing any act which can, or is likely to, lead members of the trade or public to believe that any service or product manufactured, distributed or sold by either of the Defendants is in any manner associated or connected with Innovation Ventures, or the 5-HOUR ENERGY

      trademark, or is sold, manufactured, licensed, sponsored, approved or authorized by Innovation Ventures.

6.     Mr. McCabe shall, within fourteen (14) days of entry of this Order, deliver to Plaintiff for destruction all products, labels, tags, signs, prints, packages, videos, and advertisements in his possession or under his control, bearing or using the 5-HOUR ENERGY trademark or any simulation, reproduction, counterfeit, copy or colorable imitation thereof (including, without limitation, using the mark "5 HOUR Appetite Suppressant" or any other designation that includes the term "5 Hour" alone or in conjunction with other elements), and all plates, molds, matrices and other means of making the same, pursuant to 15 U.S.C. § 1118.

7.     Mr. McCabe, his employees, agents, servants, successors and assigns, and all others in privity or acting in concert therewith, shall file with this Court, and serve upon Innovation Ventures' counsel, within thirty (30) days after entry of such judgment, a written report under oath, setting forth in detail the manner and form in which it/they have complied with paragraphs 3, 5 and 6, immediately above.

8.     The Court enters Judgment against Thomas McCabe and in favor of Innovation Ventures in the amount of $140,600.00, for which Mr. McCabe and Hoodiamax are jointly and severally liable, as follows:

    A. Mr. McCabe, his successors and assigns, shall, within 30 days of this Order, pay Innovation Ventures in the amount of $135,000.00, which represents compensatory damages in the amount of $45,000.00 trebled, in accordance with 15 U.S.C. § 1117, to $135,000.00.

    B. Mr. McCabe, his successors and assigns, shall, within 30 days of this Order, pay Innovation Ventures the attorneys' fees it incurred in this action in the amount of $5,600.00, as provided for in 15 U.S.C. § 1117, Cal. Bus. & Prof. Code § 17200, Cal. Bus. & Prof. Code § 14250, and L.R. 55-3, entitled "Default Judgment - Schedule of Attorneys' Fees."

9. This court shall retain jurisdiction of this case for the purpose of enabling Plaintiff to enforce compliance and to punish violations of the provisions of this Final Judgment and Permanent Injunction. If it shall be made to appear to the court that there has been a violation of any of the terms of this Final Judgment and Permanent Injunction, upon motion, this Court may enter an order to show cause why Defendant Thomas McCabe, his employees, agents, servants, successors and assigns and any entity he has an ownership interest in (unless it is a publicly traded company in which it/he owns or controls less than 10% of issued and outstanding voting stock, including any stock that could be converted into voting stock), controls directly or indirectly or for which he is an officer, director, or provides advice or direction, and those in active concert an participation with them, as the case may be, should not be found in contempt. Nothing in this document shall bar Plaintiff from seeking, or the court from imposing, against Mr. McCabe or any other person any relief available under any other applicable provision of law for violation of this document.

10. The prevailing party in any proceeding to enforce the terms of this Final Judgment and Permanent Injunction with Respect to Defendant Thomas McCabe shall be entitled to recover the attorneys' fees and costs incurred therewith.

11. Plaintiff Innovation Ventures may issue subpoenas, pursuant to Fed. R. Civ. P. Rule 45, as appropriate to enable it to police and enforce compliance with this Final Judgment and Permanent Injunction with Respect to Defendant Thomas McCabe.

12. Having resolved all the claims in this action in favor of Innovation Ventures, this case is hereby dismissed.

**IT IS SO ORDERED.**

Dated: August 09, 2010

_____
The Honorable Howard A. Matz,
United States District Judge

**JS-6**